**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WELDONNA JANE SCULLION** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 16-5364** |
| **NANCY A. BERRYHILL,** | : | |
| **Acting Commissioner of Social Security** | : | |

<u>ORDER</u>

**AND NOW**, this 16th day of October, 2018, upon consideration of Plaintiff's Request for

Review (Doc. No. 19), Defendant's Response (Doc. No. 19), Plaintiff's Reply (Doc. No. 20), the

Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Doc. No. 23),

and Plaintiff's Objections (Doc. No. 28), I find as follows:

I.   **PROCEDURAL BACKGROUND**

1. On August 2, 2008, Plaintiff protectively filed for Disability Insurance Benefit and

   Supplemental Security Income under Titles II and XVI respectively of the Social Security

   Act, 42 U.S.C. § 401, <u>et seq.</u>  Plaintiff alleged disability since October 28, 2010,[2] due to

   multiple impairments including bilateral knee disorders, disorders of the back,

   fibromyalgia with joint pain, and obesity.

2. The state agency denied Plaintiff's application and Plaintiff timely requested a hearing

   before an administrative law judge ("ALJ").  A hearing was conducted on January 14,

   2014, during which Plaintiff, represented by counsel, and a vocational expert offered

   testimony.

---

[2]  Plaintiff initially alleged an onset date of May 28, 2008, but later amended it to October 28,
2010.

3. On April 10, 2015, the ALJ issued a decision deeming Plaintiff "not disabled." The ALJ concluded that although Plaintiff could not perform her past relevant work as a certified nurse's assistant, she retained the residual functional capacity ("RFC") to perform sedentary work that did not involve lifting more than ten pounds, kneeling, crawling, operating foot controls, climbing ladders or scaffolds, or more than occasional balancing, stooping, crouching, or climbing ramps and stairs. (R. 17.)[3] The ALJ also found that Plaintiff could frequently handle, finger, and feel. (Id.) With that RFC, the ALJ determined that Plaintiff could perform other work in the national economy until her fiftieth birthday on May 11, 2012, at which time she would be disabled under the Medical-Vocational Rules based on her age, RFC level, education level, work history, and skills.

4. The Appeals Council denied Plaintiff's request for review on August 22, 2016, and Plaintiff initiated the present civil action on October 13, 2016, alleging multiple errors by the ALJ.

5. On November 21, 2017, United States Magistrate Judge Timothy R. Rice issued a Report and Recommendation ("R&R") rejecting Plaintiff's arguments.

6. Plaintiff filed objections to the R&R on January 1, 2018, contending that the ALJ did not consider all of the evidence relevant to Plaintiff's claimed hand limitations including other medical conditions which could be expected to cause hand problems, but rather assumed that Plaintiff's hand limitations were based solely on her carpel tunnel issues, which had been resolved.

---

[3] References to the administrative record shall be cited as "R. [page number]."

## II.  **STANDARD OF REVIEW**[4]

7.  Judicial review of the Commissioner's decision is limited to determining whether "substantial evidence" supports the decision.  Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000).  "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564–65 (1988)).

8.  When making this determination, a reviewing court may not undertake a de novo review of the Commissioner's decision and may not re-weigh the evidence of record.  Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986).  In other words, even if the reviewing court would have decided the case differently, the Commissioner's decision must be affirmed if it is supported by substantial evidence.  Id. at 1190–91; see also Gilmore v. Barnhart, 356 F. Supp. 2d 509, 511 (E.D. Pa. 2005) (holding that the court's scope of review is "'limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact'") (quoting Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001)).

9.  In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being

---

[4]  The five-step sequential analysis for assessing a disability claim was summarized by the Magistrate Judge.  In lieu of repeating that discussion, I incorporate by reference that portion of the R&R into this Memorandum.

supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).

## III.    PLAINTIFF'S OBJECTIONS

10. Plaintiff's sole objection to the R&R[5] concerns the ALJ's failure to consider reports of hand pain and subsequent rejection of any hand limitations that limited her ability to frequently handle, finger, and feel in the course of work.

11. The ALJ specifically found as follows:

> While the claimant testified to significant hand limitations, these are simply not supported by any evidence during the period under consideration. Although she had a diagnosis of mild carpal tunnel syndrome in the past and had bilateral surgeries in 2009, in March 2010, she reported that she was back to doing her daily activities regarding her wrists and in October 2010, her grip strength was normal. There are no references to hand pain or limitations at all in the records of her pain management specialists during 2012 and 2013. Examinations consistently showed wrist extension with 5/5 strength bilaterally; wrist flexion with 5/5 strength bilaterally; grip with 5/5 strength bilaterally; pinprick perception sharp; light touch sensation normal; and no instability. Dr. Jose noted that the claimant could perform regular activities. The claimant's testimony concerning her hand limitations was far from credible.

(R. 19 (internal citations omitted).)

12. The ALJ also rejected the opinion of Evan Bash, one of Plaintiff's treating doctors, noting:

---

[5]    Where a United States Magistrate Judge has issued a report and recommendation in a social security case and a party makes a timely and specific objection to that report and recommendation, the district court is obliged to engage in de novo review of only those issues raised on objection. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. The court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1). In the exercise of sound judicial discretion, the court may also rely on the Magistrate Judge's proposed findings and recommendations. See United v. Raddatz, 447 U.S. 667, 676 (1980).

I have also considered the assessment form completed by Dr. Evan Bash, a treating physician, in September 2009, prior to the current alleged disability onset date. Although Dr. Bash notes that the claimant has no history of chronic joint pain and stiffness, with full range of motion, and no significant gait dysfunction, he limits her to a range of sedentary work with manipulative limitations. However, this form was completed before the claimant had her second carpal tunnel syndrome surgery in November 2009. Dr. Bash reported that the claimant made satisfactory progress after that surgery. In February 2010, the claimant reported that her hand symptoms were much improved and that [she] was doing most of her daily activities. Dr. Bash apparently last saw the claimant in March 2010 when no upper extremity pain or limitations was mentioned. This assessment can be given little weight for the period since the amended alleged disability onset date because there is no evidence of any significant manipulative limitations since that date.

(R. 20 (internal citations omitted).)

13. Finally, the ALJ declined to give full credit to Plaintiff's subjective complaints of pain. The ALJ based her credibility assessment on: a lack of objective evidence supporting Plaintiff's claims of significant hand limitations; Plaintiff's ability to return to daily activities in March 2010 after carpal tunnel surgery; an absence of references to hand pain during her 2012 and 2013 visits to pain management specialist; examination findings showing consistently good wrist strength and flexibility; and an April 2014 medical visit noting that she could perform regular activities. (R. 17–19.)

14. Judge Rice upheld the ALJ's decision, as follows:

The ALJ's reasoning is supported by substantial evidence. In January 2009, Dr. Prawak's tests showed Scullion was suffering from mild carpal tunnel syndrome. Dr. Bash performed Scullion's left carpal tunnel procedure in February 2009, which, in conjunction with a left wrist brace, allowed Scullion to resume most of her daily activities. Dr. Bash's subsequent right carpal tunnel surgery left Scullion "much improved" and allowed her to return to her activities of daily living. Dr. Bash also found Scullion had full grip strength, full range of motion, and was neurovascularly intact after the surgery. Scullion's pain

> management doctors made similar findings. These doctors also
> found that Scullion could perform activities of daily living despite
> her claims otherwise.

(R&R 9 (internal citations omitted).) Judge Rice further commented that "[a]lthough the ALJ incorrectly stated that Scullion's pain management specialists made no references to hand pain, her assessment of Scullion's RFC is supported by other substantial evidence, rendering the error harmless." (Id. at 9 n.8 (internal citations omitted).)

15. Plaintiff now argues that the ALJ focused only on the carpal tunnel syndrome, which was largely resolved by the time of the hearing, but failed to note the pain management records indicating that the hand pain continued notwithstanding the resolution of the carpal tunnel syndrome. Plaintiff posits that the ALJ's disregard of certain evidence was not harmless because it supported Plaintiff's subjective complaints of pain in her hands.

16. I find no merit to Plaintiff's argument. The Third Circuit has observed that "[a] written evaluation of every piece of evidence is not required, as long as the ALJ articulates at some minimum level her analysis of a particular line of evidence" and that the ALJ's "mere failure to cite specific evidence does not establish that the ALJ failed to consider it." Phillips v. Barnhart, 91 F. App'x 775, 780 n.7 (3d Cir. 2004). Indeed, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004). Only where the ALJ rejects conflicting probative evidence must the ALJ explain his findings and the reasoning for his conclusions. Walker v. Comm'r of Soc. Sec., 61 F. App'x 787, 788–89 (3d Cir. 2003). Where the evidence at issue has not been rejected by the ALJ, or it is either not probative or not conflicting, the ALJ need not further discuss it. Id. at 789.

17. Here, the ALJ was not required to make reference to every instance wherein Plaintiff complained of hand pain. Plaintiff specifically cites to three different records that the ALJ purportedly failed to consider. In two of these records—from August 8, 2012 and May 4, 2014—the pain management doctors simply repeated, without confirming, Plaintiff's complaints of shooting pain down the arms into the hands with numbness and tingling in both hands. (R. 843, 910.) Objective examination on both occasions undermined these complaints and revealed entirely normal findings in her hands with respect to range of motion, muscle strength, tone, and stability. (Id.) An ALJ is entitled to reject testimony of subjective pain if those claims are inconsistent with the medical evidence of record. Harkins v. Comm'r of Social Sec., 399 F. App'x 731, 735 (3d Cir. 2010).

18. In the third record from May 8, 2014, the impression of Plaintiff's pain management doctor, Sherry Jose, M.D., was that "[t]his is a 51-year old patient with significant pain throughout her body, especially in her neck – radiating to her arms and head, and her bilateral knees, hips and low back." (R. 882.) Immediately following this statement, however, the doctor also remarked that, "Patient states her pain as 10/10. Patient's pain score has always been 10. Patient can walk and do regular activities with the current regimen and I am not sure about the reliability of the pain score she is reporting." (Id.) As such, the doctor bolstered the ALJ's determination that Plaintiff's complaints regarding her degree of pain were not credible.

19. As noted by Judge Rice (see ¶ 14, supra), the ALJ did erroneously state that "[t]here are no references to hand pain or limitations at all in the records of her pain management specialists during 2012 and 2013." (R. 19.) However, this statement is harmless error.

See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with social security ruling would not have changed the outcome of the case). The ALJ explicitly referenced the records from the pain management specialists in her decision, reflecting that she considered such records. Any references to hand pain or hand limitations in those reports were nothing more than repetitions of Plaintiff's own complaints. As set forth above, the ALJ issued a well-supported decision that Plaintiff's subjective complaints were not entitled to great weight. Nothing in the record or in Plaintiff's briefing plausibly suggests that the ALJ's acknowledgement of Plaintiff's complaints of hand limitations in the pain management records would have somehow altered the ALJ's credibility analysis.

20. In short, I find that substantial evidence exists in the record to support the ALJ's finding that Plaintiff had the ability, albeit limited, to engage in substantial gainful employment and, therefore, was not disabled within the meaning of the Social Security Act. There is no reversible error in either the ALJ's decision or Judge Rice's review of that decision.

**WHEREFORE**, it is hereby **ORDERED** that:

1.      The Report and Recommendation is **APPROVED and ADOPTED**;

2.      Plaintiff's Request for Review is **DENIED**; and

3.      **JUDGMENT IS ENTERED** in favor of Defendant.

The Clerk of Court shall mark this case **CLOSED**.


**BY THE COURT:**

/s/ Mitchell S. Goldberg

_____

**MITCHELL S. GOLDBERG,          J.**

8